At a Court of Oyer and Terminer held at this term Rosannah R. Gardner, *Page 147 
negro, was indicted and tried for the murder of Martha Ann Segreave, negro, of the first degree. The proof was that the parties were friends and staying at the time at the house of a friend of theirs in the city of Wilmington, and that they had been out together in the early part of the evening, and on their return and re-entering it the deceased was weeping and said to the mistress of it that she had something to tell her, when the prisoner exclaimed that she was a liar, and should not tell her, to which the deceased replied that she would tell her, or slap her in the mouth. The prisoner then stepped up before the deceased and defied her to slap her in the mouth, which she did, whereupon a scuffle and fight ensued between them, but they were soon separated and turned out into the yard of the premises, where no further collision occurred between them. Both had been drinking, and were somewhat intoxicated. They then re-entered the house and after some further angry words between them, the deceased laid down on a bed in the room, and the quarrel seem-to have entirely ceased between them, but after a few moments the prisoner rose from her seat and went round the bed and struck the deceased lying upon it two or three blows with her fist, who immediately sprang up from it prepared again for battle, but the prisoner at once receded from the position across the room to a table and seized a sharp pointed one from a case of table-knives lying upon it, and with it drawn in her right hand started again towards the deceased, when another woman who interposed and placed herself between them to keep them apart, seized and snatched the knife from her hand and threw it back on the table, when the prisoner seized the knife again from the table and advancing towards the deceased, said to the woman who still stood between them, that if she did not get out of her way she would cut her, or any other nigger wench who stood in her way, and who at once moved aside, when she stepped up to the deceased with the knife drawn back in her right hand and stabbed her with it in the upper and anterior portion of her *Page 148 
right thigh. This occurred about 9 o'clock in the evening, and although a physician was immediately sent for and who arrived before 10 o'clock, the flow of blood from the wound which had been very great, had then ceased and the deceased was so far exhausted by the loss of it, that she was then past recovery, in his judgment, and expired about 7 o'clock the next morning. The knife had penetrated the thigh to the depth of two inches, and had cut the femoral artery. The prisoner, as soon as she discovered what she had done, threw herself on the bed and exclaimed that she had stabbed Martha, that she would die, and she would be hung for it, but soon after rose from the bed, manifested much concern about her and her condition, called for salt to staunch the flow of blood, and for some time supported her head upon her arm as she lay bleeding on the floor.
After defining the crime of murder of the first and second degrees, under the statute, and also the crime of manslaughter, and reading the definition of express malice aforethought as stated in 1 Russ onCrimes, 482, that the instances therein mentioned were only illustrations of the meaning intended to be conveyed by the definition, but that there were other illustrations or instances of express malice aforethought in cases of murder at common law and under our statute which were equally true and apposite, although not specifically mentioned or referred to in that definition. As for instance where two persons become involved in mutual combat and one of them in the midst of it turns to seize a weapon or a dangerous instrument from a number near at hand, and in so doing he exhibits sufficient thought, reflection and discrimination to choose and select from them one in particular more dangerous, and deadly than the rest, and shoots, strikes or stabs the other with it, although done quickly and on the spur of the moment, it may show such deliberation and formed design to kill, or do the other some great bodily harm *Page 149 
with it and death results from it, as will constitute in contemplation of law murder with express malice aforethought, and the crime of murder of the first degree under our statute. And, of course, this conclusion of law is only the stronger when the party thus killing the other with such deliberation and formed design to kill her, or do her some great bodily harm, has had time after the combat between them had ceased, for her blood to cool and for reason and reflection to regain control over her passion. Because every one must be presumed to intend the natural consequences of his own act when committed with such a degree of deliberation and design, as is thus evinced by the party inflicting the fatal wound. Nor can it alter or mitigate the grade or degree of the murder that the party was at the time in part excited or inflamed with intoxicating liquor, as well as anger and passion, or was intoxicated, if she had sufficient knowledge, thought and reflection left to be able to exercise and to show such deliberation and choice and to form such a design.
The Chief Justice then briefly recapitulated the facts proved in the case and added that if upon the evidence the jury should entertain a reasonable doubt on that point, as to the deliberation and design formed by the prisoner under all the facts and circumstances proved, to stab the deceased with the knife as proved in the case, she would be entitled to the benefit of it, and in such case she should not be convicted of murder of the first degree, but whether of murder of the second degree or of manslaughter it would be for the jury to determine from all the facts and circumstances proved in the case, but if they should not be satisfied beyond a reasonable doubt that there was not sufficient time after the personal collision and conflict between the parties had ceased, for her blood to cool and her passion and fury to subside, so as to enable her to resist the impulse of it, and to restrain herself from seizing the knife in question and stabbing the deceased with it, as detailed in the evidence and not contradicted, the killing *Page 150 
could not be mitigated and reduced to the crime of manslaughter in contemplation of law.
 Verdict — Guilty of murder of the second degree.